Per Curiam.

The statutes in question, in force for more than half a century deal directly with a detail as to the exercise of the elective franchise — a subject matter which, under our form of government, is in itself a primary act of sovereignty. To take measures to insure the full and free performance of that act is therefore in the interest of the general welfare, and as such may be said to call forth “ society’s natural right of self defense ” which is inherent in sovereignty itself and which has been generally termed the police power. (11 Am. Jur., Constitutional Law, § 247, p. 973.) In Barrett v. State of New York (220 N. Y. 423, 428), it is stated: “ The state may exercise the police power ‘ wherever the public interests demand it, and in this particular a large discretion is necessarily vested in the legislature to determine, not only what the interests of the public require, but what measures are necessary for the' protection
*143 of such interests. To justify the state in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals.’ (Lawton v. Steele, 152 U. S. 133, 136.) ” An employer-employee relationship may be said to have in it such a power of dominance on the part of the employer as is capable of thwarting the wholesome exercise of the right to vote at an election. The fact that such abuses' have occurred is historical. To avoid such evils, to encourage the right of suffer-age, to keep it pristine and render it efficient — all this pertains to the public welfare and, in the attainment of those objectives the burden which the statutes cast upon all in the role of an employer is one lawfully placed in a design for the common good, and the burden is so slight that it may not be said to be unduly oppressive. That the burden may bear unequally does not render its placement unlawful. (Chamberlin, Inc., v. Andrews, 271 N. Y. 1.)